UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

Civil Case Number: _____

Wade Peterson,

      Plaintiff,

vs.

Capital Link Management LLC,

      Defendant.

## COMPLAINT

For this Complaint, the Plaintiff, Wade Peterson, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785 ("FCCPA") in its illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, Wade Peterson ("Plaintiff"), is an adult individual residing in Crestview, Florida, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and 559.55(2).

5. The Defendant, Capital Link Management LLC ("Capital"), is a New York business entity with an address of 100 Corporate Pkwy, Suite 106, Amherst, New York 14226, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) and is a "creditor" as defined in 559.55(3).

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

6. The Plaintiff's wife allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

7. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

8. The Debt was purchased, assigned or transferred to Capital for collection, or Capital was employed by the Creditor to collect the Debt.

9. Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. Capital Engages in Harassment and Abusive Tactics

10. Within the last year, Capital contacted Plaintiff in an attempt to collect the Debt from Plaintiff's wife.

11. Capital sent several text messages to Plaintiff in which it failed to disclose that the communication was from a debt collector, as required by law.

12. In some text messages, Capital failed to properly disclose its name.

13. Capital's actions caused Plaintiff a great deal of confusion, frustration and distress.

**C. Plaintiff Suffered Actual Damages**

14. Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.

15. As a direct consequence of the Defendant's acts, practices and conduct, Plaintiff suffered and continues to suffer from anger, anxiety, emotional distress, fear and frustration.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

16. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. The Defendant's conduct violated 15 U.S.C. § 1692d in that Defendant engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

18. The Defendant's conduct violated 15 U.S.C. § 1692d(6) in that Defendant placed text messages to the Plaintiff without disclosing the identity of the debt collection agency.

19. The Defendant's conduct violated 15 U.S.C. § 1692e in that Defendant used false, deceptive, or misleading representation or means in connection with the collection of a debt.

20. The Defendant's conduct violated 15 U.S.C. § 1692e(10) in that Defendant employed false and deceptive means to collect a debt.

21. The Defendant's conduct violated 15 U.S.C. § 1692e(11) in that Defendant failed to inform the consumer that the communication was an attempt to collect a debt.

22. The Defendant's conduct violated 15 U.S.C. § 1692f in that Defendant used unfair and unconscionable means to collect a debt.

23. The foregoing acts and omissions of the Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

24. The Plaintiff is entitled to damages as a result of Defendant's violations.

## COUNT II

### VIOLATIONS OF THE FLORIDA FAIR DEBT COLLECTION PRACTICES ACT, 559.55-559.785

25. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The Defendant willfully communicated with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engaged in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family, in violation of the Florida Fair Debt Collection Practices Act, 559.72(7).

27. The Plaintiff is entitled to damages as a result of Defendant's violations.

### PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) and Fla Stat.§ 559.77;
2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) and Fla Stat.§ 559.77;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and Fla. Stat. § 559.77;

4. Punitive damages pursuant to Fla. Stat. § 559.77; and

5. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: August 10, 2021

Respectfully submitted,

By /s/ Sergei Lemberg

Sergei Lemberg, Esq.
Lemberg Law, LLC
11555 Heron Bay Boulevard, Suite 200
Coral Springs, FL 33076
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
slemberg@lemberglaw.com