UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WADE PETERSON,

    Plaintiff,

v.                                              Case No. 3:21cv951-MCR-HTC

CAPITAL LINK MANAGEMENT LLC,

    Defendant.

_____/

REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff Wade Peterson's motion for default judgment, ECF Doc. 30, and motion for attorneys' fees and costs, ECF Doc. 36, based on Defendant Capital Link Management LLC's failure to defend this action. Upon consideration, the undersigned finds Plaintiff's motions should be GRANTED and judgment entered in his favor.

**I.    BACKGROUND**

Plaintiff Wade Peterson ("Peterson") sues Defendant Capital Link Management LLC ("Capital Link") for violating the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, § 559.55 *et seq.*, Florida Statutes ("FCCPA"). ECF Doc. 1. Specifically, Plaintiff alleges Capital Link contacted him, on at least two occasions,

in reference to his wife's financial debt without identifying itself as a debt collector or disclosing its intent to collect.  *Id.* at 2–3; ECF Doc. 30-1 at 2.

Although Capital Link was initially represented by counsel in this case, the Court granted counsel's motion to withdraw on January 13, 2022.  ECF Doc. 12.  In that Order, the Court advised Capital Link that a corporate entity cannot proceed *pro se* and gave Capital Link thirty (30) days to find substitute counsel.  ECF Doc. 12.  The Court also cautioned Capital Link that, if no counsel appeared on its behalf within the allotted time, "the Court will assume Defendant has no intention of defending this action and *default will be entered accordingly*."  *Id.* at 2 (emphasis added).  Despite the Court's express order, no counsel has appeared for Capital Link in the more than one year since prior counsel was allowed to withdraw.

On April 4, 2022, Plaintiff filed a notice of settlement advising the Court that the parties had reached an agreement.  ECF Doc. 14.  The Court initially removed the case from its active docket and reserved the right to reopen the case, if necessary.  ECF Doc. 15.  Despite Plaintiff's belief that a settlement had been reached, Capital Link failed to consummate the settlement agreement.  Thus, Plaintiff moved to reopen the case.  ECF Doc. 18.

The Court granted Plaintiff's motion on July 22, 2022, and gave Capital Link twenty-one (21) days to show cause why it had not complied with the Court's January 13 order to obtain counsel and why default should not be entered.  ECF Doc.

19. Capital Link failed to respond to the July 22 show cause order and the Court directed the clerk to enter a default on September 7, 2022, ECF Doc. 20, which the clerk did on the same day, ECF Doc. 21. The Court also directed Plaintiff to move for a default judgment against Capital Link, which Plaintiff has now done.[1] ECF Doc. 30.

## II. LEGAL STANDARD

Rule 55 authorizes a court to enter default judgment against a defendant who has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55(b)(2); *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). By its default, a defendant admits the well-pleaded facts of the complaint. *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). However, default is not an absolute confession of the defendant's liability and the plaintiff's right to recover; "[t]here must be a sufficient basis in the pleadings for a judgment." *Id.* Thus, "before entering a default judgment for damages [against a defaulted defendant], the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive

---

[1] Following the clerk's entry of default, Plaintiff initially filed a motion to enforce settlement agreement, ECF Doc. 22. Capital Link also failed to respond to that motion and did not appear at the October 21, 2022, hearing concerning the same. *See* ECF Doc. 29. After the hearing, and based on discussions with the Plaintiff's counsel, the Court entered an order giving Plaintiff fourteen (14) days to either supplement his motion to enforce settlement agreement with evidentiary materials or withdraw that motion and file a motion for default judgment, pursuant to the Court's September 7 order, ECF Doc. 20. ECF Doc. 28. Plaintiff elected the latter and filed the instant motion.

Case No. 3:21cv951-MCR-HTC

cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (emphasis omitted).

Also, although the facts pled in Plaintiff's complaint are deemed admitted, "plaintiffs' allegations relating to the amount of damages are not admitted by virtue of default." *Cain v. Consumers Sols. Grp., LLC*, 2017 WL 3131053, at *3 (N.D. Ala. July 24, 2017) (quoting *Atl. Recording Corp. v. Carter*, 508 F. Supp. 2d 1019, 1024 n.4 (S.D. Ala. 2007)). Thus, the Court must determine both the amount and character of damages. *See Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) (federal law requires judicial determination of damages absent factual basis in record). "Following the entry of a default judgment, damages may be awarded 'without a hearing [if the] amount claimed is a liquidated sum or one capable of mathematical calculation,' so long as all essential evidence is a matter of record." *Ingraham v. Cap. Link Mgmt. LLC,* 2022 WL 14813740, at *1 (S.D. Fla. Oct. 25, 2022) (citing *Evans v. Commercial Recovery Sys., Inc.*, 2013 WL 12138555, at *1 (S.D. Fla. Aug. 26, 2013) (quoting *S.E.C. v. Smyth*, 420 F.3d 1225, 1231, 1232 (11th Cir. 2005))).

### III. DISCUSSION

The FDCPA is a strict liability statute which prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection

with the collection of any debt." 15 U.S.C. § 1692(e); *Edwards v. Niagara Credit Sols.*, Inc., 586 F. Supp. 2d 1346, 1357 (N.D. Ga. 2008), *aff'd on other grounds*, 584 F.3d 1350 (11th Cir. 2009). To establish liability under the FDCPA, Plaintiff must show Capital Link: (1) is a debt collector; (2) attempted to collect consumer debt from Plaintiff; and (3) engaged in some act prohibited by the FDCPA or failed to disclose information required by the FDCPA. *See id.*

Here, Plaintiff seeks a default judgment against Capital Link on a single claim for violating subsection 1692e(11) of the FDPCA ECF Doc. 30. That subsection prohibits a debt collector from failing "to disclose in the initial written communication with the consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector." 15 U.S.C. § 1692e(11). The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). A communication includes text messages. *See Hunstein v. Preferred Collection & Mgmt. Servs., Inc.*, 17 F.4th 1016, 1034 (11th Cir.), *reh'g en banc granted, opinion vacated*, 17 F.4th 1103 (11th Cir. 2021), *and on reh'g en banc*, 48 F.4th 1236 (11th Cir. 2022) (interpreting the meaning of the word "medium" in the statute's definition of "communications" as referring to "different forms that debt-related communications might take—in the

old days, letters and phone calls; more recently, emails, text messages, etc.").

Plaintiff has sufficiently pled a plausible claim under the FDPCA. Plaintiff alleges his wife owed a debt, which was assigned to Capital Link, a debt collector. ECF Doc. 1 at ¶s 5-8. Plaintiff further alleges Capital Link attempted to collect that debt by sending several text messages to Plaintiff and that in those text messages, Capital Link failed to properly disclose its name or that it was a debt collector. *Id.* at ¶s 10-12. Although Capital Link initially filed an answer through counsel, because of its default, Plaintiff's allegations are deemed unopposed. Plaintiff also submitted additional evidence as part of his motion for default judgment. Namely, Plaintiff submitted his sworn Declaration attesting to having received text messages regarding his wife's account and provided copies of two of those text messages to show that Capital Link failed to identify its name or that it was a debt collector. ECF Doc. 30-2 at 2, 30-3 at 1-3.

Capital Link did not respond to the motion for default judgment. Based on the foregoing, the undersigned finds Plaintiff's allegations constitute a sufficient basis for the Court to enter a default judgment in Plaintiff's favor. *See Ingram*, 2022 WL 14813740, at *2 (finding similar allegations to be sufficient to warrant an entry of default judgment against Capital Link).

As relief for Capital Link's FDCPA violation, Plaintiff seeks statutory damages in the maximum amount of $1,000.00 pursuant to 15 U.S.C. § 1692k. The

FDCPA allows a consumer who brings a successful claim under any of its provisions to recover statutory damages in an amount determined by the Court, up to $1,000.00. *See* 15 U.S.C. § 1692k(a)(2). "The decision whether to award statutory damages under the FDCPA and the size of the award are matters committed to the sound discretion of the district court." *See Proescher v. Sec. Collection Agency*, 2018 WL 3432737, at *9 (M.D. Fla. June 8, 2018) (citation and quotation marks omitted), *report and recommendation adopted*, 2018 WL 3428157 (M.D. Fla. July 16, 2018).

Upon review of the text messages the Court finds statutory damages are warranted. Nowhere in the message does Capital Link identify its name or specifically state it is a message from a debt collector. Additionally, as Plaintiff alleges in the Declaration, the message which offered to remove the negative mark on and help Plaintiff's wife repair her credit, was misleading. ECF Doc. 30-2 at 2. Also, according to Plaintiff, in the course of two months Plaintiff received "several" text messages. *Id.* at 1. Thus, the undersigned finds the nature and extent of Defendant's conduct warrants the maximum amount of statutory damages provided under the FDCPA. *See, e.g.*, *Ingram,* 2022 WL 14813740, at * 2 (collecting cases); *see also, Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1366 (N.D. Ga. 2011) (granting plaintiff's motion for default judgment and awarding maximum statutory damages solely based on defendant's failure to identify itself as a debt collector in a "handful" of messages left for plaintiff). Indeed, by failing to respond

to the motion, Capital Link has not provided any evidence to the contrary or to justify a lesser amount. *See id.* at 1366 ("Defendant through its default and non-appearance has not provided any basis for concluding that an amount less than the statutory maximum is appropriate."); *see also Figueroa v. Maximum Recovery Sols., Inc.*, 2012 WL 13134301, at *6 (S.D. Fla. Dec. 12, 2012) (noting defendant's failure to respond to the motion divested him of opportunity to challenge the grant of the award of damages or the amount thereof).

Finally, Plaintiff seeks an award of reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3); *Moton v. Nathan & Nathan, P.C.*, 297 F. App'x 930, 931 (11th Cir. 2008). To determine what fee is reasonable, the Court must determine the "lodestar" by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). The reasonable hourly rate is determined based upon the prevailing market rate in the relevant legal community. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). That is, "the place where the case is filed." *Am. C.L. Union of Georgia v. Barnes*, 168 F.3d 423, 437 (11th Cir. 1999). The Court is itself an expert on reasonable rates and may "consider its own knowledge and experience concerning reasonable and proper fees." *Norman*, 836 F.2d at 1303 (citations omitted).

Plaintiff's counsel has submitted a declaration, supported by billing records,

in which he seeks fees totaling $13,280 and costs of $487. The fees comprise 7.8 hours of attorney time for attorney Sergei Lemberg at a rate of $375; 29.8 hours of attorney time for Jody Burton at a rate of $325; and 6.7 hours of paralegal time at a rate of $100. ECF Doc. 36.

Based on its knowledge and experience, the Court finds the rates to be reasonable. However, the undersigned finds the time should be reduced by the following entries:

- The July 28, 2021 entry for Lemberg for .4 hours to approve the complaint is duplicative of the May 6, 2021 entry with the same description and time (a reduction of $150);

- The July 28, 2022 entry for Lemberg for .4 hours for discussing "CLM" cases does not appear to be specific to this case (a reduction of $150)

- All entries related to the motion to enforce settlement agreement as that motion was subsequently withdrawn (7 hours for JB ($2257), 1.2 hours for SL ($450), and 1 hour for the paralegal ($100), for a total reduction of $2807); and

All entries for the paralegal which were for clerical work, such as drafting cover letters or transmitting documents, and time spent filing or attempting to file documents (totaling 3.4 hours, $340). *See Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002) (excluding from recovery

Case No. 3:21cv951-MCR-HTC

paralegal time "spent doing clerical and secretarial work, such as gathering materials, copying them, mailing them and refiling them"); *Jean v. Nelson,* 863 F.2d 759, 778 (11th Cir. 1988) (quoting *Allen v. United States Steel Corp.,* 665 F.2d 689, 697 (5th Cir. 1982) (the efforts of a paralegal are recoverable "only to the extent that the paralegal performs work traditionally done by an attorney")).

Once those entries are removed, Plaintiff is entitled to recover only $9,833. The undersigned also finds Plaintiff's costs of $487, consisting of the filing fee and service cost, to be reasonable and recoverable under the FDCPA. *See Ingram*, 2022 WL 14813740, at *4 (awarding filing fee and cost of service of process in an FDCPA suit).

Accordingly, it is RECOMMENDED:

1. Plaintiff's motion for default judgment, ECF Doc. 30, and motion for attorneys' fees, ECF Doc. 36, be GRANTED.

2. Final judgment be entered in favor of Plaintiff, Wade Peterson, in the amount of $1,000 in statutory damages and $10,320 in fees and costs.

3. The clerk be directed to close this file.

At Pensacola, Florida, this 6th day of February, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of this Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1.